# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SHAWNDRE HOUSTON,

        Petitioner,      :      Case No. 1:22-cv-143

- vs -                          District Judge Jeffery P. Hopkins
                                 Magistrate Judge Michael R. Merz

BILL COOL, Warden,

                               :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus case, brought by Petitioner Shawndre Houston with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 15) recommending the Petition be dismissed. After the Objections were filed, the assignment of the case was transferred to newly-appointed District Judge Jeffery Hopkins (ECF No. 17) who has recommitted the case to the undersigned for further analysis, based on the Objections (ECF No. 18).

The Petition pleaded six grounds for relief; the Report recommended dismissal of all six and denial of a certificate of appealability. Petitioner objects as to each ground for relief and as to the appealability recommendation. The Objections are here analyzed *seriatim*.

**Ground One: Insufficiency of the Evidence**

In his First Ground for Relief, Petitioner asserts there was insufficient evidence on two elements of his aggravated murder conviction: his identity as the shooter and the element of prior calculation and design. The Report found that ground for relief pleaded a Fourteenth Amendment claim which must be evaluated under the standard announced in *Jackson v. Virginia*, 443 U.S. 307 (1979):

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson* at 319. The Report concluded the First District Court of Appeals had decided the merits of the issues presented by the First Ground for Relief and reasonably applied the *Jackson* standard. Its decision was therefore entitled to deference under 28 U.S.C. § 2254(d)(1) and (2).

The first issue is what is required to prove prior calculation and design. Houston relies on *State v. Walker*, 150 Ohio St.3d 409 (2016), where a four-justice majority found the State had not proved enough of the factors needed for prior calculation and design had been shown; the three dissenters emphasized other cases in which apparently less time had been spent on calculation and design, including the capital case of *State v. Palmer,* 80 Ohio St.3d 543 (1997). The Report noted the factual distinctions between this case and *Walker* – distinctions made relevant by the *Walker* majority. Houston does not dispute the First District's relevant findings – Houston had to go to his car to retrieve the murder weapon and he drove around the bar's parking lot for several minutes waiting for the victim to emerge.

2

In *Walker*, the killing happened during a bar fight in which many people were involved. As he was fighting, Walker pulled a weapon he already had on his person and shot the victim in the back. The court also held there was no evidence Walker "gave thought to choosing the murder site beforehand." The Report distinguishes *Walker* on both these points: Houston went to his car to get the gun he used and he drove around the parking lot waiting for his victim to come out of the club. The Report analogized to *State v. Palmer,* 80 Ohio St.3d 543 (1997), where the Ohio Supreme Court found sufficient calculation and design for a capital conviction where the defendant, apparently as a result of road rage, emerged from his truck and shot his victim on the spot.

The Objections note that *Palmer* was more than twenty years ago and treat *Walker* as having adopted a new standard. Not so. The *Walker* Court drew the relevant factors from its prior decision in *State v. Taylor*, 78 Ohio St.3d 15 (1997), and expressly reiterated its holding that there " is no bright-line test that emphatically distinguishes between the presence or absence of 'prior calculation and design.'" Instead, each case turns on the particular facts and evidence presented at trial." *Walker* at 414, quoting *Taylor*. The majority in *Walker* did not adopt a new test; it applied the test in place with *Taylor* and *Palmer*.

In cases such as this, a federal habeas court is not deciding whether the state courts reasonably applied their own precedent, but whether they reasonably applied the holding of United States Supreme Court precedent. There is no Supreme Court precedent defining what is sufficient evidence of prior calculation and design in Ohio. Instead, the *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense **as defined by state law**." *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020)(quoting *Jackson*, 443 U.S. at 324). Of course, it is state law which determines the elements of offenses; but once the state has adopted

3

the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970). The question of how to define the prior calculation and design element of aggravated murder is a question of Ohio law and on that question we are bound by the decisions of the Ohio courts, including in the case in suit. *Bradshaw v. Richey*, 546 U.S. 74 (2005). The decision of the First District that the evidence presented satisfied the Ohio test for prior calculation and design is determinative.

The second issue is simpler: what evidence is necessary to prove the identity of an offender? The State in this case relied on circumstantial evidence. Petitioner asserts that for circumstantial evidence to be sufficient, "the conclusion drawn from the evidence must be the more probable inference," citing *State v. Duganitz*, 76 Ohio App.3d. 363, 367 (8th Dist. 1991)[1]. In *Duganitz* the Eighth District was applying new Ohio law from *State v. Jenks*, 61 Ohio St. 3d 259 (1991), where the Ohio Supreme Court overruled *State v. Kulig*, 37 Ohio St. 2d 157 (1974), in which the Supreme Court of Ohio had previously held that to be sufficient, circumstantial evidence had to be inconsistent with every reasonable possibility of innocence. But in explaining the new rule, the Eighth District relied on old Ohio law expressed in 44 Ohio Jurisprudence 3d (1983), Section 1023, well before *Kulig* as overruled.

The Report explains why the circumstantial evidence of Houston's identity as the shooter is not an unreasonable application of *Jackson* (ECF No. 15, PageID 1275). The same explanation satisfied the *Duganitz* standard, assuming it is the law of Ohio.

**Ground Two: Admission of Prejudicial Photographs**

On this claim the Report reads **"**Respondent asserted in the Return that this claim was not

---

[1] The Objections cite this case as *State v. Dunganitz* and as having been decided in 1994 (Objections, ECF No. 16, PageID 1289).

cognizable in habeas and Petitioner has abandoned it without making a responsive argument in [t]he Reply." (ECF No. 15, PageID 1275). The Objections, without citing any place in the Reply where he responded to the argument the claim was not cognizable, argues that "The admission of prejudicial photos violated the right to a fair trial and due process." (Objections, ECF No. 16, 1290).

> A claim that a gruesome photo of the decedent was erroneously admitted does not raise "the spectre of fundamental fairness such as to violate federal due process of law", and therefore is not cognizable on habeas review. *See Cooey v. Coyle,* 289 F.3d 882, 893-94 (6th Cir. 2002) (citing *Gerlaugh v. Stewart,* 129 F.3d 1027, 1032 (9th Cir. 1997)); *Andera v. Tibbals*, No. 1:11 CV 2606, 2012 WL 4955290, at *2 (N.D. Ohio Oct. 17, 2012).. . .Accordingly, Houston's claim concerning the trial court's admission of autopsy photographs is not cognizable.

(Return of Writ, ECF No. 11, PageID 1232). Thus the non-cognizability defense was raised and the Objections do not point to any place in the Reply where Houston responded. The gruesome photographs claim is not cognizable because no decision of the Supreme Court of the United States has held it to be. *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*, 502 U.S. 62 (1991). Nor does Petitioner point to any United States Supreme Court holding that it is a denial of a fair trial to admit gruesome photographs of a murder victim. Moreover the First District Court of Appeals considered this claim and found the photographs were admissible. This Court can reject that conclusion only upon being shown it is contrary to or an objectively unreasonable application of the holding of a Supreme Court precedent. No such precedent is cited in the Objections.

**Ground Three: Ineffective Assistance of Trial Counsel: Failure to Challenge Unanimity of the Verdict**

In his Third Ground for Relief, Houston claims he received ineffective assistance of trial counsel when his attorney failed to challenge the lack of unanimity in the jury's verdict. The Report rejected this claim because the jury had been polled and all the jurors acknowledged the verdict as representing their vote. The First District had rejected this ineffective assistance of trial counsel claim on those grounds (ECF No. 15, PageID 1275-76, citing *State v. Houston,* at ¶¶ 51-52). The Report also noted that "Houston offer[ed] no response to this defense in the Reply.

Houston objects[2], but offers no citation to any place in the Reply where he responded to the First District's decision. Instead he argues, as if presenting the matter *de novo*, that counsel has a duty to protect his client's right to a unanimous verdict. While that is certainly true as a general matter, the pertinent question is what counsel has to do to protect that right under the circumstances with which these attorneys were presented.

The possibility that the verdict might not have been unanimous was presented to the trial court at sentencing on September 19, 2019.

> After this case was done, as myself [Bryan Perkins] and Mr. Wenke were leaving the courtroom, Juror Number 4 approached us. She was sobbing inconsolably. She indicated that probably wasn't her true verdict. She felt pressured into rendering the verdict that she did.

(Transcript, State Court Record, ECF No. 10-8, PageID 1184). The last day of trial, the day on which Juror No. 4 made the statement to counsel, was August 16, 2019, more than a month earlier.

---

[2] Counsel begins this section of the Objections by stating "In this case defense counsel obtained information that one of the jurors did not agree that the verdict announced in court was correct. (T.p. 810.)" (ECF No. 16, PageID 1291). This record citation violates S. D. Ohio Civ. R. and the Order for Answer which provides "All papers filed in the case thereafter by either party must include record references to the PageID number." Counsel had already violated this rule twice in filing the initial Petition. See ECF Nos. 2 and 4.

6

The jury retired to deliberate at 11:55 a.m. and returned with a verdict at 3:30 p.m. *Id.* at PageID 1171-72. On that day, having read the verdict, the trial judge asked if counsel wanted the jury polled. Mr. Perkins having answered yes, the judge explained that this meant[3] asking the jury if what she had read was their true verdict. *Id.* at PageID 1175. The record then shows: THE COURT: Jury Number 4, is this your true verdict? JUROR NUMBER 4: Yes. The jury was discharged at 3:40 p.m. *Id.* at PageID 1178, which is probably within minutes of Juror No. 4's comment to Mr. Perkins.

Houston's argument now (in the Objections, but not in his Reply) is that Perkins and Wenke had a duty to do something at this point to protect his right to a unanimous verdict. But what? Juror No. 4 had not even hinted at the existence of any evidence *aliunde* of any influence on the verdict. She had just sworn that the announced verdict was truly hers. Current counsel argues in the Objections that trial counsel "failed in their duty to investigate and properly bring them to the court's attention." Investigate what? Even now Houston does not suggest any evidence *aliunde* would have been found. What was the proper way to bring her comments to the attention of the court? A citation in contempt for lying during the jury poll?

Not only does Houston fail to suggest what an investigation would have revealed, he also fails to cite any authority for the proposition that, presented with this scenario, a trial attorney has a duty to investigate further.

In denying Houston's Assignment of Error relating to this claim, the First District wrote:

> {¶50} The Ohio Supreme Court has stated that a jury verdict becomes final once the jury has been polled and each juror has assented to the verdict in open court. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 34. The function of the poll is "to enable the court and the parties to ascertain with certainty that a unanimous verdict has in fact been reached and that

---

[3] The court reporter substituted the word "poking" for the word "polling. Since what happened was actually a polling, the Magistrate Judge has no hesitation in correcting the record.

7

no juror has been coerced or induced to agree to a verdict to which he has not fully assented." *Id.* at ¶ 37, quoting *Miranda v. United States*, 255 F.2d 9, 17 (1st Cir. 1958). Once that function has been accomplished, there is no compelling reason to let individual jurors change their mind. *Williams* at ¶ 37.

{¶51} "A verdict becomes immutable by the jury once announced in open court or when it has been confirmed by a poll * * *." *Williams* at ¶ 35, quoting *United States v. Dakins*, 872 F.2d 1061, 1065 (D.C. Cir. 1989). Thus, once a poll of the jurors has been completed and all have assented to the verdict, a juror may not rescind or modify his or her vote. *Williams* at syllabus. When the jury was polled, juror number four confirmed her verdict in open court. After that, she could not rescind or modify her vote.

{¶52} Further, under the aliunde rule, a jury's verdict may not be impeached by evidence from a member of the jury unless a foundation is laid by evidence aliunde. Evidence aliunde is extraneous, independent evidence of alleged misconduct based on the firsthand knowledge of someone who is not a juror. Evid.R. 606(B); *State v. Schiebel*, 55 Ohio St.3d 71, 75, 564 N.E.2d 54 (1990); *Fehrenbach v. O'Malley*, 1st Dist. Hamilton No. C-100730, 2011-Ohio-5481, ¶ 41. The purpose of the rule is to protect the finality of verdicts and to ensure that jurors are insulated from harassment by defeated parties. *Schiebel* at 75.

{¶53} The failure to file or prosecute a motion is prejudicial only if the defendant has a reasonable probability of success on that motion. *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65; *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 53. Juror number four's verdict was final and could not be impeached in the absence of outside evidence, which the record does not show that defense counsel possessed.

{¶54} Under the circumstances, no motion for a mistrial or other relief based on juror number four's statement to counsel would have had a reasonable probability of success. Therefore, counsel's failure to file such a motion was not prejudicial and did not constitute ineffective assistance of counsel. We overrule Houston's fifth and sixth assignments of error.

*State v. Houston, supra.* Houston has not shown or even attempted to show how this decision is contrary to or an objectively unreasonable application of the governing standard for ineffective assistance of trial counsel enunciated in *Strickland v. Washington,* 466 U. S. 668 (1984).

8

Houston's Third Ground for Relief should be dismissed on the merits.

**Ground Four:  The Jury Verdict Was Not Unanimous**

In his Fourth Ground for Relief Houston claims the jury verdict was not unanimous.

The Report pointed out that at the time of Houston's trial, it was not a violation of the United States Constitution to convict someone on a non-unanimous verdict (Report, ECF No. 15, PageID 1276, citing *Apodaca v. Oregon*, 406 U.S. 404 (1972)). The Report noted the Supreme Court overruled *Apodaca* in *Ramos v. Louisiana*, 590 U. S. ___,140 S. Ct. 1390, 206 L. Ed. 2d 583 (Apr. 20, 2020). However, in *Edwards v. Vannoy*, 593 U.S. ___, 141 S. Ct. 1547 (2021), the Supreme Court held *Ramos* does not apply retroactively to cases on collateral review.  Thus the claim was held to be without merit insofar as it claimed a violation of the United States Constitution and not cognizable in federal habeas to the extent it claimed a violation of the Ohio Constitution.

Houston's entire objection reads: "Juror number four approached defense counsel and admitted that she did not agree with the guilty verdict. She indicated that she was pressured during deliberations. Given that at least one juror did not agree with the verdict, the verdict could not be unanimous." (Objections, ECF No. 16, PageID 1292).  This objection does not deal at all with the analysis in the Report.  Furthermore, given the *aliunde* rule, there is no way to prove in a court of law that the verdict was not unanimous.  Ground Four should be dismissed.

**Ground Five: Failure to Provide Requested Jury Instructions**

In his Fifth Ground for Relief, Houston complains the trial judge failed to give requested jury instructions. Respondent asserted this claim was procedurally defaulted by failing to raise it on direct appeal to the Ohio Supreme Court and the Report adopted this position (Report, ECF No. 15, PageID 1279).

The entirety of Houston's objection on Ground Five reads:

> Houston requested jury instructions related to conduct after the fact and defining affirmative step required for complicity. The court refused. Houston's request for an instruction were a correct statement of the law and were relevant to the facts disclosed during the trial. The jury instructions provided by the court were incomplete and confused the issue. The evidence in this case was so tenuous that the instructions were critically important and deprived Houston of a fair trial.

(ECF No. 16, PageID 1292). Thus he makes no objection at all to the Report's procedural default analysis.

As the Magistrate Judge reminded Houston's counsel in the Report, the failure to file specific objections is a waiver of right to raise issues on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981);

> Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden*, 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). Since Houston has failed to object to the Report's procedural default analysis on Ground Five, the Court should adopt that analysis and dismiss Ground Five.

**Ground Six: Ineffective Assistance of Appellate Counsel**

In his Sixth Ground for Relief, Houston claims he received ineffective assistance of appellate counsel when appellate counsel failed to raise two issues.

Respondent has claimed this Ground for Relief was barred by Houston's failure to appeal to the Ohio Supreme Court, but the Report found this was excused by the court of appeals' failure to give notice of its decision on Houston's 26(B) application. Respondent does not object to that conclusion.

Applying the correct *Strickland v. Washington* standard, the First District found that the omitted assignments of error were much less probable of success than the assignments of error actually raised and the Report agreed (ECF No. 15, PageID 1284).

In his Objections, Houston merely reiterates boilerplate about prosecutorial presentation of perjured testimony without dealing with the Report's and First District's analysis of why this claim is weaker than the claims actually presented. The Magistrate Judge accordingly stands on the analysis made in the Report.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again

11

respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 3, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
